UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BEA and LOUISE BEA,<br><br>          Plaintiffs,<br><br>     vs.<br><br>ENCOMPASS INSURANCE CO., and DOES 1 through 100, inclusive,<br>          Defendants. | NO. CV-13-00008-JLQ<br><br>ORDER GRANTING MOTION TO REMAND |

BEFORE THE COURT is Plaintiffs' Motion to Remand (ECF No. 7), which has been fully briefed. Plaintiffs argue that remand is appropriate because the removal was untimely. Defendant Encompass Insurance Co. ("Defendant") argues that removal was timely because Defendant did not learn of the amount in controversy until December 3, 2012, and timely removed within 30 days. Plaintiffs requested oral argument, and the court heard oral argument via telephonic hearing on April 22, 2013. E. Gerard Mannion appeared for Plaintiffs, and Jeffry Butler appeared for Defendant.

### I. Introduction/Procedural History

This action was originally filed in the Superior Court of the State of California for the County of San Francisco on April 30, 2012. Defendant was served on June 8, 2012, and filed an Answer in state court on July 5, 2012. (ECF No. 1). The parties engaged in discovery in state court, and Defendant filed a Motion to Compel. Defendant contends that it received an Opposition brief to the Motion to Compel on December 3, 2012, in which it first learned that the amount in controversy exceeds $75,000. (ECF No. 1). Defendant filed the Notice of Removal on January 2, 2013, approximately 6 months after it had filed an Answer in state court, and 30 days after the December 3, 2012 receipt of the Opposition brief. Plaintiffs timely moved to remand the action on January 31, 2013.

ORDER - 1

## II. Discussion

Federal courts are courts of "limited jurisdiction" and jurisdiction is a "threshold question which must be answered prior to the disposition of each case." *Libhart v. Santa Monica Dairy*, 592 F.2d 1062, 1064 (9th Cir. 1979). Plaintiffs argue that the removal is defective as it was not timely. 28 U.S.C. § 1446(b). The removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### 1. Timing

28 U.S.C. Section 1446(b)(1) and (b)(3) provide that, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant," of the initial pleading or "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Ninth Circuit has described this statute as providing "two thirty-day windows during which a case may be removed--during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper from which it may be ascertained that the case is one which is or has become removable." *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 692 (9th Cir. 2005). Here, the case was not removed based on the initial Complaint and the court addresses the second thirty-day window.

Defendant contends that it could not ascertain the case was removable based on diversity of citizenship jurisdiction and the amount in controversy until December 3, 2012, when Plaintiffs' counsel stated Plaintiffs were seeking more than $75,000 in damages in a brief concerning a discovery motion. Defendant argues that the case was not removable based on the face of the Complaint because Plaintiffs did not quantify damages in the Complaint. (ECF No. 17, p. 3). The court agrees that the Complaint was vague as to the nature and extent of damages. In the parlance of the Ninth Circuit the Complaint was "indeterminate in the sense that the face of the complaint does not make

ORDER - 2

clear whether the required jurisdictional elements are present." *Kuxhausen v. BMW Financial Serv.*, 707 F.3d 1136, 1139 (9th Cir. 2013). The procedural rules of many states do not require the plaintiff to plead a specific amount in controversy. See *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 693 (9th Cir. 2005)("Indeed, it is not uncommon for a state court pleading to omit the necessary facts needed to determine diversity.").

As this case was not removable based on the face of the Complaint, the issue then becomes, did Defendant file the Notice of Removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3). The timing requirement of Section 1446(b) is "mandatory," but it is not jurisdictional. See *Lewis v. City of Fresno*, 627 F.Supp.2d 1179,1182 (E.D. Cal. 2008); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir. 1980). Being a "procedural defect," untimely removal may be waived if not timely asserted by the non-removing party in a motion to remand pursuant to Section 1447(c). Plaintiffs have timely asserted the defect in their Motion to Remand. Therefore, if the removal was untimely, this matter must be remanded. As Plaintiffs have challenged compliance with the removal statute, Defendant has the burden of demonstrating procedural compliance with the statute. See *Riggs v. Plaid Pantries*, 233 F.Supp.2d 1260, 1264 (D. Or. 2001).

In *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 693 (9th Cir. 2005), the Ninth Circuit addressed whether the possibility of removal triggers a duty of inquiry on the part of the defendant, and whether removability can be determined by the defendant's knowledge, constructive or otherwise, of the requisite jurisdictional facts. The Circuit held that: "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. Thus, if a complaint is not removable on its face, then "the notice of removal may be filed within thirty days after the defendant receives an

ORDER - 3

amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper." *Id.*

**2. When did Defendant Receive a Motion, Pleading, Order, or Other Paper from which it Could be Ascertained that the Amount in Controversy exceeded $75,000?**

In determining whether the amount in controversy can be ascertained, the Ninth Circuit has stated: "defendants need not make extrapolations or engage in guesswork; yet the statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Financial Serv.*, 707 F.3d 1136, 1140 (9th Cir. 2013). The Ninth Circuit has also held that the term 'other paper' "does not embrace any document received prior to receipt of the initial pleading." *Id.* at 1142. The term "other paper" includes written discovery responses, settlement offers, demand letters, deposition testimony, and correspondence between counsel. *Lowery v. Alabama Power Company*, 483 F.3d 1184, 1213 n. 62 (11th Cir. 2007).

It appears that Defendant knew before suit was filed, that the amount in controversy exceeded $75,000. A Claims Specialist at Defendant wrote in a December 2011 e-mail, that "if covered, this claim will exceed $1 million." (ECF 1-1, p. 86 of 108). However, that knowledge is arguably within the subjective knowledge of the Defendant, and defense counsel had no duty, under Ninth Circuit precedent, to investigate and obtain that knowledge within 30 days of the filing of the Complaint. Therefore the court focuses on three "other papers" that were received after the initiation of the suit:

**A. August 20, 2012 Letter from Plaintiff's Counsel**

Plaintiffs contend that Defendant had notice of removability "through a demand for an additional payment of $160,983, letters from plaintiff's counsel, documents subpoenaed by the defense, responses to discovery". (ECF No. 7, p. 5). The Ninth Circuit has previously held that a letter from plaintiff's counsel containing an estimate as to damages may serve as the "other paper" for removal purposes. See *Babasa v. Lenscrafters*, 498 F.3d 972, 975 (9th Cir. 2007)("a settlement letter is relevant evidence

of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). Plaintiffs' counsel sent Defendant a letter, on August 20, 2012, containing estimates for $160,983 of work to Plaintiffs' home. The letter stated: "It is my client's position that this repair work will have to be done as a result of the collapse damage to the home." (ECF No. 1-2, p. 32 of 133). This letter put Defendant on notice that the amount in controversy was at least $160,983.

**B.  Defendant's September 28, 2013 State Court Filing**

Further, and most damaging to Defendant's position, is a state court pleading filed by Defendant. During the state court proceedings, Defendant filed an "Objection to Case Management Order" on September 28, 2013. (ECF No. 1-1, p. 49 of 108). The parties seem to be in agreement that documents filed with the state court can constitute the "other paper" under § 1446(b)(3) and in fact, Section 1446(c)(3)(A) provides:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy **in the record of the State proceeding**, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3). (emphasis supplied).

Defendant's Objection to Case Management Order stated in relevant part: "A review of Encompass' claim file, however, demonstrates that this is a complex property damage claim involving more than $700,000 in claimed damage to a historic home built in 1865, called the Casebolt House." (ECF No. 1-1, p. 50 of 108).

Thus in making the determination of when Defendant could ascertain that the amount in controversy exceeded $75,000 and was removable, this court is not required to contravene *Harris v. Bankers Life & Casualty Co.* by delving into the subjective knowledge of Defendant or imposing a duty of inquiry. It is clear from the face of the state court pleading filed by the Defendant, that Defendant had in fact investigated and was aware of the fact that the amount in controversy exceeded $75,000. The state court pleading is an objective statement of Defendant's knowledge that the amount in controversy was well in excess of $75,000.

ORDER - 5

### C. The October 9, 2012 Letter from Plaintiffs' Counsel

The letter from Plaintiffs' Counsel of October 9, 2012, expressed his belief that the time for removal had long since passed. (ECF No. 1-1, p. 84 of 108)("That ship sailed long ago."). It then pointed out that: "The company's own claim file shows that it knew that this claim was worth more than a million dollars." The October 9, 2012, letter then attached the e-mail from Defendant's Claim Specialist Jim Muir which stated, "if covered this claim will exceed 1 million dollars". Thus, no argument can be made that Defendant was unaware of the Claim Specialist's evaluation. Defendant received this "other paper" from Plaintiffs' counsel no later than via the October 9, 2012 letter. Further, this letter stated: "In addition, I sent a letter to Ms. Mellema on August 20, 2012, which included an estimate from Scott and Warner Builders of over $200,000 (which was just rejected by Encompass)." (ECF No. 1-1, p. 84 of 108). The August 20, 2012, letter contained estimates for repairs totaling $160,983, and if, as the October 9, 2012 letter states, that claim had been rejected by Encompass, Defendant then knew that at least $160,983 was in controversy.

The court concludes that the August 20, 2012 letter from Plaintiffs' counsel, the September 28, 2012 Objection to Case Management Order filed by Defendant, and the October 9, 2012 letter from Plaintiffs' counsel to defense counsel all individually, and collectively, constitute "other paper" from which it could be ascertained that the case was removable on the basis of diversity of citizenship and the amount in controversy. Even measured from the latest of these three dates, the Notice of Removal was untimely.

Defendant has argued that documents it created cannot constitute "other paper" and that it cannot receive documents it created. (ECF No. 17, p. 8). This court disagrees. As pointed out by the Sixth Circuit, the statute does not require that the "other paper" be received via service, which "leaves open the possibility that such facts can come to the defendant by a myriad of means not squarely contemplated by the drafters of § 1446(b)." *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573, *3 (6th Cir. 1991) (unpublished). Similarly, the Eleventh Circuit has stated, "it has never been the

jurisdictional rule that a defendant may remove a diversity case seeking unliquidated damages only when the plaintiff is the source of the facts or evidence on the value of the case." *Pretka v. Kolter City Plaza*, 608 F.3d 744, 765 (11th Cir. 2010).

In fact, recent changes to Section 1446(c), enacted by the Federal Courts Jurisdiction and Venue Clarification Act, effective January 6, 2012, and applicable to this action, specifically allow the defendant to assert and prove the amount in controversy. See 28 U.S.C. § 1446(c)(2)(A)("the notice of removal may assert the amount in controversy if the initial pleading seeks....(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and...the district court finds, by the preponderance of the evidence, the amount in controversy exceeds the amount specified in section 1332(a)."). Defendant likely could have removed this action based on the initial Complaint, asserted the amount in controversy based on its claim file, and proven that amount through use of its claims file including documents submitted by Plaintiff as part of the claim. Some courts have required that when a defendant may remove, it must remove. See *Banta v. American Medical Response*, 2011 WL 2837642 (C.D. Cal. 2011)("the Court concludes that, under Ninth Circuit case law, if a defendant **may** remove the case to federal court within 30 days of receipt of the pleading, then the defendant **must** remove the action or be procedurally barred from removing the case."). This court need not determine that question. The analysis, *supra*, has assumed the initial Complaint was not removable, and has examined whether Defendant removed within 30 days of receipt of "other paper" from which the amount in controversy could be ascertained. Defendant failed to timely remove under this analysis.

3. **Request for Attorney's Fees**

Plaintiffs' Motion to Remand seeks reasonable attorney's fees and costs. Section 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Thus an award of fees and costs is discretionary. The Supreme Court has offered guidance as

ORDER - 7

to the exercise of that discretion, holding that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The court was not inclined to award fees in this matter, and Plaintiffs rendered the issue moot by withdrawing their request for fees at oral argument.

**IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Remand (ECF No. 7) is **GRANTED IN PART AND DENIED IN PART.** It is granted to the extent that the matter is remanded to the Superior Court of the State of California for the County of San Francisco, and is denied as to the request for fees and costs.

2. The Clerk shall deliver a certified copy of this Order to the clerk of Superior Court of the State of California for the County of San Francisco. The San Francisco Superior Court may thereupon proceed with the case pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.** The Clerk shall enter this Order, furnish copies to counsel, and close this file.

Dated this 23rd day of April, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8